UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

ADDMI, INC.,
a Delaware Corporation,

Debtor.  Case No. 24-10776-j11

## DEBTOR'S APPLICATION TO EMPLOY COUNSEL

COMES NOW Addmi, Inc. (the "Debtor"), and hereby requests Court approval of Debtor's employment of Gatton & Associates, P.C. ("Attorneys") to represent Debtor as its Attorneys in this chapter 11 (subchapter V) bankruptcy in all matters and proceedings in this bankruptcy case.

In support of this Motion, Debtor states as follows:

1. On July 29, 2024, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Debtor has elected to be debtor under subchapter V.

2. In general, the professional services Attorneys are to render are:

a. To represent and to render legal advice to Debtor regarding all aspects of this bankruptcy case including adversary proceedings and including, without limitation, the continued operation of Debtor's business, meetings of creditors, cash collateral matters (if any, Debtor believes no creditors possess cash collateral claims), claims objections, plan confirmation, and all hearings before this Court;

b. To prepare on behalf of Debtor necessary petition, complaints, answers, motions, applications, orders, reports and other legal papers, including Debtor's subchapter V plan of reorganization; and

c. To assist Debtor in taking actions required to effect reorganization under subchapter V of chapter 11 of the Bankruptcy Code.

4. To the best of Debtor's knowledge, information and belief, Attorneys have no connection with Debtor, its creditors or any other party in interest or their respective attorneys, except as are disclosed in the Affidavit of Chris M. Gatton, attached hereto as **Exhibit A**. Attorneys were paid an initial retainer in the amount of $15,000.00. The Firm was paid $3,704.45 for pre-petition services, costs, and tax from this retainer.

5. As compensation to Attorneys for legal services, Debtor will, upon the approval by this Court, pay Attorneys and support staff at the following hourly rates, plus actual costs incurred and applicable gross receipts taxes: Chris Gatton, $300.00; Elizabeth Friedenstein, $300.00; Lorraine Chavez, $140.00; and Rachael Landau, $140.00. A true and correct copy of Attorneys' engagement letter is attached hereto as **Exhibit B**.

6. Attorneys will render statements to Debtor on the first business day of every month. Debtor seeks authority from the Bankruptcy Court to pay Attorneys, prior to the Court's determination of the allowability of Attorney's compensation, 75 percent of fees and tax and 100 percent of the costs as specified above. All fees, costs and gross receipts tax paid (including rates charged) would be subject to the ultimate approval of the Bankruptcy Court under Bankruptcy Code Sections 328, 330 and 331. Attorneys will file fee applications at least every 180 days. The fee applications will contain a detailed statement showing services performed by Attorneys and compensation received.

7. Employment of Attorneys should be made retroactive to the date of filing of this Motion.

WHEREFORE Debtor requests the approval of the Court to employ Attorneys as set out above.

Respectfully submitted,

GATTON & ASSOCIATES, P.C.

/s/Chris M. Gatton,
Submitted electronically 7.29.2024
10400 Academy NE, Suite 350
Albuquerque, NM 87111
Phone: (505) 271-1053
Fax: (505) 271-4848
Email: chris@gattonlaw.com
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I certify that on the **29th day of July, 2024,** I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel requesting notice to be served by electronic means on the date of filing.

/s/Chris M. Gatton,
Submitted electronically 7.29.2024



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

ADDMI, INC.,
a Delaware Corporation,

    Debtor.

Case No. 24-10776-j11

**AFFIDAVIT OF CHRIS M. GATTON AND DISCLOSURE
OF COMPENSATION PURSUANT TO RULES 2014 AND 2016**

STATE OF NEW MEXICO    )
                                  )ss.
COUNTY OF BERNALILLO   )

    Chris M. Gatton, being first duly sworn and pursuant to Rules 2014 and 2016 of the Official Bankruptcy Rules, deposes and states:

    1.    I am over the age of eighteen (18) years and I am competent to testify of the matter set forth herein.

    2.    I am an attorney duly admitted to practice before the courts of the State of New Mexico and the United States District Court for New Mexico.

    3.    I am a shareholder with Gatton & Associates, P.C. (the "Firm"), the law firm that Addmi, Inc. (the "Debtor") seeks to employ to act as its counsel in this case.

    4.    The Firm is well qualified to represent the Debtor on any matters arising in the case.

    5.    To the best of my knowledge, the Firm and its Attorneys have no connection with the Debtor, or its creditors or any other party in interest or their respective attorneys. Additionally, the Firm and its members and associates do not hold or represent or have any connection with the United States Trustee or any person employed in the office of the United States Trustee.

6. The Firm may represent clients who are adverse to creditors of the Debtor, or who are parties in interest in cases in which creditors of Debtor also are parties in interest, in matters wholly unrelated to the Debtor's bankruptcy case.

7. The Firm, its members, and its associates do not hold any interest adverse to the above-entitled estate.

8. The Firm, its members, and its associates have not shared or agreed to share compensation with any other entity.

9. In general, the professional services that the Firm will provide to the Debtor include:

a. To represent and to render legal advice to Debtor regarding all aspects of this bankruptcy case including adversary proceedings and including, without limitation, the continued operation of Debtor's business, meetings of creditors, cash collateral matters (if any, Debtor believes no creditors possess cash collateral claims), claims objections, plan confirmation, and all hearings before this Court;

b. To prepare on behalf of Debtor necessary petition, complaints, answers, motions, applications, orders, reports and other legal papers, including Debtor's subchapter V plan of reorganization; and

c. To assist Debtor in taking actions required to effect reorganization under subchapter V of chapter 11 of the Bankruptcy Code.

10. Within one year prior to the commencement of this bankruptcy case, the Debtor paid the Firm $3,704.45 for services provided prior to the filing of the petition, costs, and tax.

11. The Firm has received a retainer of $15,000.00, of which $11,295.55 remains in trust after payment of the fees mentioned in paragraph 10 above. Other than the fees set forth in

paragraph 10, the Firm has received no transfer, assignment, or pledge of property for post-petition legal services.

12. The Firm has not shared or agreed to share with any other person or entity, other than with members or regular associates or employees of the Firm, any compensation paid or to be paid by Debtor in or in connection with this bankruptcy case.

13. The Debtor has requested the Court to approve its employment of the Firm on the terms and conditions set forth herein, including the following hourly rates: Attorney Chris Gatton, $300.00; Attorney Elizabeth Friedenstein, $300.00; Paralegal Lorraine Chavez, $140.00; and Paralegal Rachael Landau, $140.00.

14. The Firm itemizes and charges separately for certain costs and expenses, such as postage, long distance telephone charges, travel, filing fees, court fees, deposition expenses, computerized legal research, courier services and expert witness fees, all at cost, and photocopying ($.15 per page). Debtor may be asked to pay for certain third-party costs directly, such as charges for deposition transcripts, airfare and expert witness fees.

15. The Firm will render statements to the Debtor on a monthly basis. The Firm requests that the Debtor be required to make interim payments to the Firm on a monthly basis of 75% of fees and tax and 100% of costs upon receipt of billing statements from the Firm, and prior to the Court's determination of the allowability of the Firm's compensation. All fees, costs and gross receipts taxes will be subject to ultimate approval of the Bankruptcy Court under Bankruptcy Code §§328, 330 and 331. The Firm will file fee applications approximately every 180 days. The fee applications will contain a detailed statement showing services performed by the Firm.

_____
Chris M. Gatton

SUBSCRIBED AND SWORN TO before me this 29th day of July, 2024, by Chris M. Gatton.

_____
Notary Public

My Commission expires:

05/26/2025

> STATE OF NEW MEXICO
> NOTARY PUBLIC
> LORRAINE R. CHAVEZ
> COMMISSION # 1092840
> COMMISSION EXPIRES 05/26/2025





gatton+associates|p.c.

www.GattonLaw.com
10400 Academy Rd NE | Suite 350 | Albuquerque, NM 87111
505.271.1053 | Fax 505.271.4848

July 16, 2024

Addmi, Inc.
c/o Andy Lim, CEO
9321 Signal Ave NE
Albuquerque, NM 87122
andy@addmi.com
(505) 480-8883

Re: Representation Terms

Dear Andy:

We are pleased that you have asked our law firm to serve as your legal counsel, and appreciate the opportunity to help you resolve your financial situation. At the outset of any engagement, we believe it is appropriate to confirm in writing the nature of the engagement and the terms of our representation, and that is the purpose of this letter.

*Scope of Engagement.* We understand you have requested our assistance with a Chapter 11 bankruptcy filing. After you complete our Business Bankruptcy questionnaire and provide the information and documents that we request, we will be able to better evaluate the best course of action from several options that may be available to you. No other services will be covered by this engagement unless requested by you and agreed upon by our firm.

*Nature of Relationship.* Our objective is to provide high-quality legal services at a fair and reasonable cost. The attorney-client relationship is one of mutual trust and confidence. This letter will serve as an engagement agreement that will establish the terms of our relationship. When you sign it, it will become a contract between Giddens & Gatton Law, P.C. (the "Firm") and you.

In passing the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Congress imposed strict requirements upon attorneys representing debtors, requiring them to specify what duties they will perform and to make certain representations to clients. Those specific duties and representations are set out in this representation agreement.

Please read this agreement carefully and be sure you understand it. If you have any questions, you should consult with me before signing. Once you are satisfied with the agreement, please sign, and return a copy to me.

Following are the specifics of our proposed representation. The Firm will:

1.  Meet with you to discuss your financial situation and possible solutions. If a non-bankruptcy alternative is viable, we will assist you to identify and implement it;

2.  Provide the section 342(b)(1) notice, which sets out the purpose, benefits, and costs of filing under Chapters 7, 11, 12 or 13 and the penalties of committing certain bankruptcy crimes, and will explain the notice to you;

3.  Prepare the necessary bankruptcy petition, schedules, statement of affairs, and other documents, and review and file the bankruptcy case under the chapter you select;

4.  Prepare for and accompany you to the section 341 first meeting of creditors;

5.  Assist in the amendments to the papers filed and the production of such documents as the trustee requests;

6.  Assist you in the negotiation and execution of reaffirmation agreements that are in your best interest and meet all requirements of the law.

<u>Any other services, such as the defense of an adversary complaint or of a United States Trustee motion to convert this case or</u>

<u>dismiss it as an abusive filing, are not included and will be provided only through a separate representation agreement. Such an agreement will likely require an additional retainer.</u>

You agree to furnish all information necessary to enable us to complete the papers that will be filed in your case and that such information will be complete, accurate, and truthful.

*Attorneys, Staff, Fees, and Expenses.* Attorney Chris Gatton will be the attorney primarily responsible for the work on this matter; however, we have other attorneys and staff in our office who may work on your matter so that the best possible services can be provided. Our fees will be billed based primarily on the hourly rate for each attorney and paralegal devoting time to your matter. You will be billed for all professional services rendered at the following hourly rates:

> Chris Gatton, $300.00
>
> Elizabeth Friedenstein $300.00
>
> Lorraine Chavez, $140.00
>
> Rachael Landau, $140.00

Our rates may be changed by us by giving you written notice thirty days before the change is to go into effect. We may add additional attorneys or paraprofessionals to our staff during the course of this matter, and if we do, and if they spend time on your matter, their time will be charged at rates appropriate for their level of experience. In addition, you agree to reimburse us for the filing fees and other costs that the court allows or, if no court order is required, that are incurred on your behalf.

Services rendered include time spent in travel on your behalf. We also will bill you for applicable gross receipts tax for the fees incurred. We will bill for all out-of-pocket costs incurred directly on your behalf at the actual cost incurred. For example, long distance telephone calls, cellular telephone calls and faxes will be charged at what the telephone company bills our office. This also applies to any necessary photocopies or other services that are supplied by third parties. The photocopies made in the office will be charged at $.25 per copy.

*Billing and Fee Policy.* Our typical practice is to send out bills monthly on the first day of each month. **Bills sent out on the first day of the month will be payable by the 10th of the month. Any bill sent out on a day other than the first day of the month will be payable by ten days after the date of the bill.** Balances that remain unpaid beyond the due date will incur interest at the rate of 12% per annum. Failure to pay a bill when it is due will give us the right to withdraw from representation in accordance with the rules of civil procedure and the rules of professional conduct. The Firm accepts Mastercard, Visa, and American Express.

We will attempt to send out bills that are accurate and complete. If at any time there is a question about any item on the bill, or any other matter, please contact us. Also, please be aware that there may be a lag between the time when an expense is incurred and the time when we receive the bill for it from our supplier. Therefore, even after all activities on this matter are complete, bills may be received from us for out-of-pocket costs for which we received the bill after the matter has been completed.

It is difficult at this point to estimate the cost of our work for you, but our firm typically requests a retainer amount be provided to cover our work on your behalf. Upon your agreement to the terms of our engagement, we request that you deposit with us an advance retainer of **$15,000.00.**

We will bill against this retainer, deducting fees, gross receipts tax, and costs from it, as specified above. If amounts remain in this retainer at the end of our representation, those will be returned to you. **If the amount of the initial retainer in the client trust account falls below $15,000.00, you agree to replenish the funds up to the amount of $15,000.00. Failure by you to replenish the funds to the amount of $15,000.00 may cause us to withdraw from our representation of you, subject to rules of professional conduct.** If we become aware that work on this case may become more complex than we now anticipate, leading to substantial additional fees or expenses, we may request a further retainer amount or may request deposits with us to cover costs that we anticipate are going to have to be paid to third parties. If we request such an additional retainer, and it is not paid, we have the right to stop work on this matter. If we request a cost deposit and it is not made, we reserve the right not to advance any funds to third parties. In this engagement, at this time, we do not anticipate any substantial cost advances to be required.

*Termination of Legal Services.* While we anticipate a successful legal relationship, you are free to terminate our services at any time. In addition, subject to applicable rules of professional conduct governing attorneys, and the requirements of the Bankruptcy Code, in the event we disagree on any aspect of this engagement or for other appropriate reasons, for example, if you do not pay your bill in a timely manner, we have the right to withdraw from further representation of you.

If you elect to terminate this engagement prior to the conclusion of this matter, or if we elect to withdraw, you are

responsible for paying our attorney's fees and expenses accrued through the effective date of the termination of this engagement in accordance with the provisions of this engagement letter. If legal proceedings ensue relating to a collection of any amounts owing under this engagement agreement, the prevailing party shall be entitled to recover reasonable attorney's fees plus any out-of-pocket costs incurred. Any funds or property in our possession will be subject to an attorney's retaining and charging lien to the extent permitted by law to secure all amounts owing the firm.

We may also be relieved of the responsibility to represent you if you fail to provide us information or documents in time and with sufficient adequacy to enable us to respond to any inquiry, or if you do not appear at any court hearing. If these failings occur after we have filed your bankruptcy case, we can only be relieved if the court allows our withdrawal. You will receive notice of any motion and hearing on our desire to withdraw.

If you ever have a problem with the way your case is being handled or the manner in which you are being treated by one of our personnel, all such complaints should be directed to me.

Unless previously terminated, our representation of you will terminate upon the conclusion of this matter, our written notice to you that the engagement has concluded, and the mailing of our final statement for services rendered in connection with this matter and the refund of any unapplied retainer funds held in trust. Following such termination, any otherwise non-public information you have supplied to us that is retained by us will be kept confidential in accordance with the applicable rules of professional conduct. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of this engagement.

*Acknowledgment.* If you have read, understood, and are in agreement with the terms of our engagement as outlined above, please sign and return a copy of this letter to our office <u>along with your retainer of $15,000.00.</u>

I invite you to visit our website at www.giddenslaw.com to get more information about the Firm. We appreciate that you have chosen our firm and are glad to have the opportunity to be of service to you. We look forward to a successful relationship.

**By initialing here, you acknowledge that you understand that this is only a retainer and not a flat fee, and that the fees and costs that we charge will be based on actual time spent and costs and expenses incurred, and <u>may exceed this retainer amount</u>.** *[initialed: AL]*

Automatic Payment Methods:

    [ ✓ ] By checking here, I authorize the Firm to process monthly payments from my Depository Account as described on the form attached hereto. I represent and warrant that I am the owner of said account and have the authority to authorize ACH debits from the account.

    [ ✓ ] By checking here, I authorize the Firm to process monthly payments from the debit or credit card described on the form attached hereto. I represent and warrant that I am the owner of said card and have the authority to authorize charges to the card.

Please note: We cannot file a bankruptcy case until we have received the full amount of the retainer. If you fail to provide the full amount of the retainer as set out herein, we will be relieved from the responsibility of performing work under this representation agreement.

This document represents the complete agreement between the parties and may not be modified or replaced except by a subsequent written agreement executed by the parties.

This representation agreement shall be void if not executed by both you and our firm within five (5) business days after the first date on which our firm provides any bankruptcy assistance services.

Sincerely:

Gatton & Associates, P.C.

By: _____ Date: 07 / 18 / 2024
Chris M. Gatton, Esq.

Addmi, Inc.
_____ Date: 07 / 18 / 2024
Signature
Andy Lim, CEO



# Audit trail

| | |
|---|---|
| Title | Hello |
| File name | BANKRUPTCY-_Indiv...0716-1-qits8d.pdf |
| Document ID | cbe2a4607eafad8da8beace1a5708f28fccaa531 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

**This document was requested on giddensandgatton.cliogrow.com and signed on giddensandgatton.cliogrow.com**

## Document History

**SENT** | 07 / 16 / 2024 18:02:20 UTC | Sent for signature to Andy Lim (andy@addmi.com) and Christopher Gatton (chris@gattonlaw.com) from rachael@gattonlaw.com
IP: 63.145.4.178

**VIEWED** | 07 / 16 / 2024 18:12:01 UTC | Viewed by Andy Lim (andy@addmi.com)
IP: 63.145.4.178

**SIGNED** | 07 / 18 / 2024 15:33:43 UTC | Signed by Andy Lim (andy@addmi.com)
IP: 73.98.14.64

**VIEWED** | 07 / 18 / 2024 21:59:46 UTC | Viewed by Christopher Gatton (chris@gattonlaw.com)
IP: 63.145.4.178

**SIGNED** | 07 / 18 / 2024 22:00:01 UTC | Signed by Christopher Gatton (chris@gattonlaw.com)
IP: 63.145.4.178

**COMPLETED** | 07 / 18 / 2024 22:00:01 UTC | The document has been completed.

Powered by Dropbox Sign