UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

ADDMI, INC.,
a Delaware Corporation,

     Debtor.                                                                                                 Case No. 24-10776-j11

## NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM AND INTERESTS

1.    <u>General Claims Bar Date</u>.  If you assert a claim against or interest in the Debtor, to preserve your right to be treated as a creditor or interest holder with respect to such claim or interest, for the purposes of voting and distribution, you must file a Proof of Claim by **OCTOBER 11, 2024** (the "General Bar Date") in the following circumstances:

    (i)    If your claim or interest has not been listed in the Debtor's bankruptcy schedules ("Schedules");

    (ii)    If you disagree with the amount of the claim or interest set forth in the Schedules;

    (iii)    If the Debtor scheduled your claim as disputed, contingent and/or unliquidated;

    (iv)    To preserve an unsecured deficiency claim if such claim is not scheduled or is scheduled as disputed, contingent, and/or unliquidated;

    (v)    If you believe your claim is entitled to priority under the Bankruptcy Code, and the Debtor did not so schedule your claim.

Any Proof of Claim or Interest timely filed by a creditor or interest holder will supersede any scheduled claim or interest.  If your claim is scheduled as disputed, contingent, and/or unliquidated, the Debtor is required to so notify you.

2.    <u>Bar Date for Interests</u>.  If you are an equity security holder of the Debtor, such as a stockholder, to preserve your right to be treated as an equity security holder with respect to such interest you must file a Proof of Interest by the General Bar Date.

3.    <u>Bar Date for Governmental Units</u>.  If you are a governmental unit, the last day for filing proofs of claim is the later of i) the General Claims Bar Date; or (ii) 180 days after the date of the order of relief.

4.    <u>Claims Filed After Amended Schedules Are Filed.</u>  If the Debtor amends the Schedules and the amendment reduces the liquidated amount of a scheduled claim or reclassifies a scheduled undisputed, liquidated, and non-contingent claim to a disputed, unliquidated, and/or contingent claim, then the claimant affected by such amendment shall be permitted to file proof

NM LF 3003

of such claim only on or before the later of (i) the General Bar Date and (ii) 30 days after the mailing of notice of such amendment to such claimant with a copy of this Notice, but only to the extent such proof of claim, if filed after the General Bar Date, does not exceed the amount scheduled for such claim prior to such amendment. This extended claims bar date does not apply if an amendment to the Schedules increases the claim deemed filed under 11 U.S.C. §1111(a) or if the creditor previously filed a proof of claim before the General Bar Date.

      5.    <u>Claims Arising from Rejection of a Contract or Lease or Avoidance of a Transfer</u>. The last day for filing proofs of claim arising from the rejection of an executory contract or unexpired lease, and/or the recovery of a voidable transfer, pursuant to Bankruptcy Code Sections 502(g) and 502(h) respectively, is the later of (i) the General Bar Date; or (ii) 30 days after the mailing to the claimant of notice of entry of an order approving the rejection of such executory contract or unexpired lease, or the avoidance of such transfer, with a copy of this Notice.

      6.    <u>Consequences of Failing to File a Proof of Claim or Interest Timely</u>. If you are required but fail to file a Proof of Claim or Interest timely, and your claim or interest is not scheduled, is scheduled for $0.00, or is scheduled as disputed, contingent or unliquidated in the Schedules, with very limited exceptions: (a) your claim or interest will be barred, and you will not participate in the Debtor's estate or receive any distribution under any plan or plans of reorganization filed in this chapter 11 case; (b) you shall be forever barred from voting with respect to any such plan or plans of reorganization; and (c) you shall be bound by the terms of any such plan or plans of reorganization, if confirmed by the Court.

      7.    <u>Responsibility to Review the Schedules</u>. You are responsible for determining that your claim or interest, including its amount, is accurately scheduled by the Debtor. This determination may be made by: (a) reviewing the Schedules online using a CM/ECF or PACER account; (b) reviewing the Schedules in the Office of the Clerk, 333 Lomas Blvd. NW, Suite 360, Albuquerque, NM, 87102, between 8:30 am and 4:30 pm, or (c) by contacting the Debtor's attorney: Chris M. Gatton, Gatton & Associates, P.C., 10400 Academy NE, Suite 350, Albuquerque, NM, 87111.

      8.    <u>Previously Filed Claims.</u> Creditors who have already filed proofs of claims or interests need not file them again.

      9.    <u>Proof of Claim Form</u>. A proof of claim form is enclosed with this notice. A proof of claim can also be submitted directly from the Court's website through the Electronic Proof of Claim (ePOC) program. *See* <u>www.nmb.uscourts.gov/claims-e-filing</u>. A login and password are **not** required, and no claim form is needed to submit an original or amended proof of claim through ePOC.

GATTON & ASSOCIATES, P.C.

/s/Chris M. Gatton,
Submitted electronically 8.27.2024
10400 Academy NE, Suite 350
Albuquerque, NM 87111
Phone: (505) 271-1053
Fax: (505) 271-4848
Email: chris@gattonlaw.com
*Attorneys for Debtor*


   The undersigned certifies that on August 27, 2024, a copy of this Notice was served by United States first class mail on all parties on the official mailing list maintained by the Clerk of the Bankruptcy Court for this case, all at their addresses on such mailing list. A copy of the mailing list used for such service is attached to the copy of this Notice filed of record.

/s/Chris M. Gatton,
Submitted electronically 8.27.2024