UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

ADDMI, INC.    No. 24-10776-j11

Debtor.

## OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S CHAPTER 11 SUBCHAPTER V PLAN

Ilene J. Lashinsky, the United States Trustee for Region 20 (the "**UST**"), in furtherance of her administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a)(3)(B), files this objection to *Debtor's Chapter 11 Subchapter V Plan*, filed October 28, 2024 (Doc. 50) (the "**Plan**"). In support of her objection, the UST states:

### BACKGROUND

1. On July 29, 2024, Addmi, Inc. ("**Debtor**") filed a petition under Subchapter V of Chapter 11 (Doc. 1).

2. On October 28, 2024, Debtor filed the Plan.

3. On November 13, 2024, this Court entered an *Order Setting Deadline to Accept or Reject Debtor's Subchapter V Plan and/or Object to Plan Confirmation and Notice of Hearing on Plan Confirmation* (Doc. 51).

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

5. Under 11 U.S.C. § 307, the UST has standing to be heard on this objection.

6. 28 U.S.C. § 586(a)(3) charges the UST with administrative oversight of the bankruptcy system in this district. That oversight includes the supervision of the administration of Chapter 11 cases, as well as the statutory and fiduciary performance of the debtor's responsibilities. *See In re Whetten,* 473 B.R. 380, 382 (Bankr. D.Col. 2012); *In re Plaza de Diego*,

911 F.2d at 824; *In re Youk-See,* 450 B.R. 312, 316 (D.Mass. 2011) (citing *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog")). Under 28 U.S.C. § 586(a)(3)(B), when she considers it appropriate, the UST may monitor plans and disclosure statements filed in cases under chapter 11 and may file comments regarding such plans and disclosure statements. Similarly, 28 U.S.C. § 1128(b) authorizes a party in interest to object to confirmation of a plan.

## OBJECTION TO CONFIRMATION

For a Chapter 11 Subchapter V plan to be confirmed, it must meet the requirements for Chapter 11 plans in 11 U.S.C. §§ 1123 and 1129, as modified by the plan content and confirmation provisions of Subchapter V in 11 U.S.C. §§ 1190-91. The Plan cannot be confirmed as filed, because its contents do not meet the requirements of the bankruptcy code. In particular, the Plan lacks adequate means for its implementation, as required by 11 U.S.C. § 1123(a)(5).

To be confirmable, a plan must "provide adequate means for its implementation." 11 U.S.C. § 1123(a)(5). In this case, the framework for Debtor's reorganization proposed in the Plan does not provide a realistic and workable framework and fails to provide adequate means for the plan's implementation.

Debtor proposes a 3-year plan of reorganization funded "through its ongoing operations and through the sale of a 'forked' version of the source code of software owned by the Debtor." (Doc. 50, p. 7). But Debtor's anticipated operating income and software sale proceeds are both unrealistic.

Debtor attached cash flow projections in support of the Plan. (Doc. 50, p. 22). Debtor's operating income projections for 2025 and 2026 average out to $32,583 and $37,583 per month respectively. But the Statement of Financial Affairs shows Debtor's 2023 gross revenue was only $259,625.93 which averages to $21,635.49 per month. (Doc. 1, p. 20). Debtor's most recent monthly

operating report, for the month of October 2024, shows receipts of only $28,060. (Doc. 54). The August and September receipts show receipts of $30,493 and $23,088 respectively (Docs. 43 and 49). Debtor does not explain the anticipated increase in operating income.

Even if the Debtor were able to achieve operating income at the projected amounts, Debtor will not have sufficient income to meet operating expenses without the software sales proceeds. For 2025, Debtor forecasts only $391,000 in operating income relative to $438,244.10 in expenses excluding plan payments. For 2026, Debtor forecasts only $451,000 in operating income relative to $479,478.75 in expenses excluding plan payments. In fact, Debtor's projections show that its operating income is insufficient to meet expenses during any month of 2025 or 2026.

In short, the successful sale of the software is essential to the Debtor's ability to continue to operate as a going concern and to fund its proposed obligations under the plan. But Debtor has not found a buyer for the software and the likelihood of a sale is questionable. Furthermore, the Debtor's anticipated revenue from a sale of the software is overly optimistic. Debtor attaches a liquidation analysis to the Plan which values the Debtor's software, after costs of sale, at $1.8 million. (Doc. 50, p. 16). The projections assume the receipt of an aggregate of $5,850,000 in software sales proceeds consisting of $250,000 in 2024, $4.4 million in 2025, and $1.2 million in 2026. Even accounting for the net present value of the sales proceeds, the receipt of $5,850,000 for software that the Debtor values at $1.8 million is unlikely. Furthermore, the $1.8 million is the Debtor's value for the entire software. Debtor is not proposing to sell its entire software but rather just a "forked" version which presumably would fetch a lesser price. Debtor does not explain the apparent inconsistency between its estimated value of the software and the anticipated sales proceeds.

## CONCLUSION

The Plan does not comply with the bankruptcy code and cannot be confirmed. For a Chapter

11 Subchapter V plan to be confirmed, it must meet the requirements for Chapter 11 plans in 11 U.S.C. §§ 1123 and 1129, as modified by the plan content and confirmation provisions of Subchapter V in 11 U.S.C. §§ 1190-91. 11 U.S.C. §§ 1123, 1129, 1190-91. The Plan cannot be confirmed as filed, because its contents do not meet the requirements of the bankruptcy code for a plan in Chapter 11 Subchapter V. In particular, the Plan does not provide adequate means for its own implementation.

WHEREFORE, the United States Trustee respectfully requests that the Court deny approval of the Plan, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

ILENE J. LASHINSKY
United States Trustee

/s/ *John W. Nemecek*
John W. Nemecek
Trial Attorney
Office of U. S. Trustee
301 N. Main Street, Suite 1150
Wichita, KS, 67202
(202) 557-5810
john.nemecek@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024 in accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(2)(E), the foregoing was filed and served via the Court's CM/ECF system to those parties who are registered CM/ECF participants in this case.

*/s/ John W. Nemecek*
John W. Nemecek