UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: ADDMI, INC., a
Delaware Corporation,

No. 24-10776-j11

Debtor.

**ORDER EXTENDING DEADLINES IN ORDER SETTING DEADLINE TO ACCEPT OR REJECT DEBTOR'S CHAPTER 11 (SUBCHAPTER V) PLAN AND/OR OBJECT TO CONFIRMATION AND TO VACATE CONFIRMATION HEARING, AND VACATING AND RESCHEDULING OF FINAL CONFIRMATION HEARING**

On October 28, 2024, the debtor-in-possession filed Debtor's Chapter 11 (Subchapter V) Plan Dated October 28, 2024, Doc. 50 (the "Plan"). On November 13, 2024, the Court entered an Order Setting Deadline to Accept or Reject Debtor's Chapter 11 Plan (Subchapter V) and/or Object to Confirmation and Notice of Final Hearing on Plan Confirmation ("Scheduling Order" – Doc. 51). On December 17, 2024, Debtor filed Debtor's Motion to Extend Deadlines in Order Setting Deadline to Accept or Reject Debtor's Chapter 11 (Subchapter V) Plan and/or Object to Confirmation and to Vacate Confirmation Hearing ("Motion" – Doc. 61). Debtor's Plan contemplates the sale of a "forked" copy of source code for software developed by the Debtor. Debtor represents in the Motion that it has received very promising interest from two additional potential buyers of copies of Debtor's source code which could have a direct impact on the amounts creditors are likely to receive under Debtor's Plan.

Debtor requests the Court to vacate the deadline fixed in the Scheduling Order for filing objections to Debtor's Plan and for returning ballots; vacate the final confirmation hearing set in the Scheduling Order set for January 9, 2025; set a new voting and objection deadline no earlier than February 1, 2025; and reschedule the final confirmation hearing and related deadlines. Debtor's counsel represents in the Motion that he has been in discussions with the Subchapter V Trustee and Debtor's largest creditors, and they all believe that the best course of action is to push the confirmation hearing and associated deadlines to a later date so that the potential sales can be developed.

Based on the representations in the Motion, the Court finds that it is appropriate to extend the deadlines and reschedule the final confirmation hearing.

WHEREFORE, IT IS HEREBY ORDERED, that the Motion is GRANTED as follows:

1. <u>Existing Deadlines and Final Confirmation Hearing Vacated.</u> The deadline to file objections to confirmation of the Debtor's plan and to submit ballots and the deadline to file and serve witness and exhibit lists and to exchange exhibits fixed in the Scheduling Order are vacated. The final hearing on confirmation set for January 9, 2025, is vacated.

2. <u>Objection/Voting Deadline</u>. **February 5, 2025** is fixed as the last day for filing and serving objections to confirmation of the Plan, pursuant to Fed. R. Bankr. P. 3020(b)(1).

Objections must be filed with the Court electronically or in person with the Clerk's Office located at 333 Lomas Blvd. NW, Albuquerque, New Mexico (third floor), or if a party is pro se by mail to the Clerk's Office, 333 Lomas Blvd. NW, Suite 360, Albuquerque, NM 87102 so that the objection is *received* by the Court by the filing deadline. **February 5, 2025** i**s** fixed as the last day to accept or reject the Plan by submitting a completed ballot to the Debtor's attorney. Signed ballots must be *received* by Debtor's attorney by the deadline and may be submitted by email. **February 5, 2025** is fixed as the last date on which an equity security holder must be the holder of record of the security in order to be eligible to accept or reject the Plan.

3. <u>Voting Disputed, Contingent, or Unliquidated Claims</u>. Creditors with disputed, contingent, or unliquidated claims must obtain temporary allowance of their claims to vote. Motions for temporary allowance must be filed in time for the Court to rule on them before the voting deadline. Without temporary allowance, the creditor's vote will not be counted. Absent leave of Court, no additional claim objections may be filed until after the voting deadline.

4. <u>Tally of Ballots</u>. At least one day before the confirmation hearing, Debtor's attorney shall certify and file a tally of ballots. The tally of ballots shall indicate, for each class of claims, the number and percentage of votes for and against the Plan, and the total dollar amounts and percentages of the claims so voting. The tally of ballots shall indicate, for each class of interests, the percentage of interests that have voted for and against the Plan. The Debtor's attorney shall bring the original ballots to the confirmation hearing.

5. <u>Final Hearing</u>. On **Thursday, February 13, 2025, at 9:30 a.m.**, the Court will hold a final hearing to consider confirmation of the Plan in the Brazos Courtroom, 5th floor, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, New Mexico. Out-of-town counsel, parties, and witnesses may appear at the final hearing by Zoom video by submitting an email request to chambers (jacobvitzstaff@nmb.uscourts.gov) at least two business days before the hearing. The request must identify all persons who will be appearing by Zoom, including witnesses. If a request is timely made, the Court will email the Zoom link to requesting counsel and unrepresented parties. Requirements for Zoom appearances and testimony are posted on the Court's website (www.nmb.uscourts.gov/sites/default/files/generalchambers/zoom) and must be followed. In-town counsel, parties, and witnesses must appear at the final hearing in person.

6. <u>Witness and Exhibit Lists</u>. No later than **Monday, February 10, 2025,** the Debtor and any objecting party wishing to present evidence at the evidentiary portion of the final hearing shall (i) file and serve witness and exhibit lists and (ii) exchange exhibits by email. If any party has more than five exhibits, they shall number and bind them. The Debtor and any objecting party must provide three copies of their exhibits to the Court before the hearing. The parties should be prepared to notify the Court at the beginning of the hearing which exhibits can be admitted into evidence by stipulation.

The Court will generally exclude any exhibits not exchanged as required and may exclude from testifying any witnesses not timely identified.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Entered on docket: December 18, 2024

Copy to Debtor's counsel:

Christopher M. Gatton
Attorney for Debtor
Gatton & Associates, P.C.
10400 Academy NE, Suite 350
Albuquerque, NM 87111
(505) 271-1053

Note: Inquiries regarding this order and notice should be directed to Debtor's counsel.