**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**
**Clerk's Minutes**
**MINUTES FOR FINAL MATTERS**
**Before the Honorable Robert H. Jacobvitz**


\_\_Christa R. Lucero, Courtroom Deputy
_x_ Patti G. Hennessy, Law Clerk
_x_ I certify that an electronic sound
recording of this proceeding was made.

FTR Recorded Proceeding_x__
Time Commenced: __9:41 am _____

02/13/2025 9:30 AM


TESTIMONY _no_
EXHIBITS _no_

**MATTER/APPEARANCES/CASE NAME/NUMBER**:

FH: Plan Confirmation (doc. 50)
Atty for Dtr: Chris Gatton
UST: John Nemecek (by phone)
Sub V Tr: Bryan Perkinson (by phone)
Atty for Matthew and James Auffenberg:  Thomas Riske

Addmi, Inc., a Delaware Corporation, Case No. 24-10776-j11

**SUMMARY:**

Debtor's counsel informed the Court that the Debtor does not seek confirmation of the current plan. Debtor has been continuing negotiations for the sale of its forked source code; counsel for the Auffenbergs and counsel for the Debtor have been in communications regarding Debtor's reorganization efforts.

Debtor made an oral motion to continue the confirmation hearing so that Debtor can file a pre-confirmation plan modification or amended plan. The Sub V Trustee and Mr. Riske, on behalf of the Auffenbergs, did not oppose a short extension. The Court fixed a deadline of March 7, 2025, for the Debtor to file an amended plan. The amended plan must contain a summary of actual income and expenses over the last 12 months formatted in the same was as Debtor's projected income. The Court pointed out certain provisions in the current plan that would apply only for a consensual plan and some that would apply only if the plan is confirmed as a non-consensual plan, and suggested that the modified plan should propose alternative provisions. The Court also pointed out the significance in the 10th Circuit for non-voting creditors in impaired classes of claims.

Once the plan is filed, the Court will enter an order fixing the deadline for debtor to mail out plan packages, the deadline to object  to confirmation and to vote, and setting a final confirmation hearing. The Court directed debtor's counsel so share information regarding Debtor's anticipated sale(s) of the forked code, including any built in protections for the debtor, with Mr. Riske and to be responsive to his requests for information regarding Debtor's sales efforts; Debtor does not need to include that information in the plan.