# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:

   ADDMI, INC.                                      No. 24-10776-j11

      Debtor.

## OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S AMENDED CHAPTER 11 SUBCHAPTER V PLAN

Ilene J. Lashinsky, the United States Trustee for Region 20 (the "**UST**"), in furtherance of her administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a)(3)(B), files this objection to *Debtor's First Amended Chapter 11 (Subchapter V) Plan*, *Dated March 7, 2025,* filed March 7, 2025 (Doc. 77) (the "**Amended Plan**"). In support of her objection, the UST states:

## BACKGROUND

1. On July 29, 2024, Addmi, Inc. ("**Debtor**") filed a petition under Subchapter V of Chapter 11 (Doc. 1).

2. On October 28, 2024, Debtor filed its original Plan (Doc. 50).

3. On December 16, 2024, the UST filed her objection to confirmation of the original plan (Doc. 60).

4. On February 5, 2025, Matthew Auffenberg and James Auffenberg filed an objection to the original plan (Doc. 67).

5. At the February 13, 2025, confirmation hearing, Debtor requested leave of court to file an amended plan (Doc. 75).

6. On February 13, 2025, the Court entered the *Order Fixing Deadline for Debtor to File an Amended Subchapter Plan* which required the Debtor to file an amended plan by March 7, 2025 (Doc. 76).

7. On March 7, 2025, the Debtor filed the Amended Plan.

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

9. Under 11 U.S.C. § 307, the UST has standing to be heard on this objection.

10. 28 U.S.C. § 586(a)(3) charges the UST with administrative oversight of the bankruptcy system in this district. That oversight includes the supervision of the administration of Chapter 11 cases, as well as the statutory and fiduciary performance of the debtor's responsibilities. *See In re Whetten,* 473 B.R. 380, 382 (Bankr. D.Col. 2012); *In re Plaza de Diego*, 911 F.2d at 824; *In re Youk-See,* 450 B.R. 312, 316 (D.Mass. 2011) (citing *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog")). Under 28 U.S.C. § 586(a)(3)(B), when she considers it appropriate, the UST may monitor plans and disclosure statements filed in cases under chapter 11 and may file comments regarding such plans and disclosure statements. Similarly, 28 U.S.C. § 1128(b) authorizes a party in interest to object to confirmation of a plan.

**OBJECTION TO CONFIRMATION**

For a Chapter 11 Subchapter V plan to be confirmed, it must meet the requirements for Chapter 11 plans in 11 U.S.C. §§ 1123 and 1129, as modified by the plan content and confirmation provisions of Subchapter V in 11 U.S.C. §§ 1190-91. The Amended Plan cannot be confirmed as filed, because its contents do not meet the requirements of the bankruptcy code. In particular, the Amended Plan lacks adequate means for its implementation, as required by 11 U.S.C. § 1123(a)(5).

To be confirmable, a plan must "provide adequate means for its implementation." 11 U.S.C. § 1123(a)(5). In this case, the framework for Debtor's reorganization proposed in the Amended Plan does not provide a realistic and workable framework and fails to provide adequate means for the Amended Plan's implementation.

Section 5.1 of the Amended Plan is entitled "method of funding the plan" and provides that the Debtor will fund the Amended Plan "through its ongoing operations and through the sale of a 'forked' version of the source code of software owned by the Debtor. Debtor has entered into an agreement for the first such sale for $1,000,000.00 which is expected to close before the end of May, 2025" (Doc. 77, p. 7).

Section 10.1 provides further detail concerning the anticipated software sale. This section provides that "[a]n agreement has been signed with the first such purchaser for the lump-sum purchase price of $1,000,000.00, 100% of which is to be paid into an escrow account on or before April 25, 2025, with the sale anticipated to close within 30 days following the escrow" (*Id.*, p. 11).

Debtor attached cash flow projections as Exhibit D to of the Amended Plan. (Doc. 50, p. 22). The cash flow projections forecast the Debtor's receipt in $1,000,000 of revenue from the sale of its software source code in May 2025.

In short, the successful sale of the software is essential to the Debtor's ability to fund its proposed obligations under the Amended Plan. On April 30, 2025, the Debtor filed a Report of Status of Pending Sale (Doc. 85). The report indicated that the purchaser was required to place the entire $1,000,000 sale price into escrow by April 25, 2025 but that funds had not been received. The Debtor indicated that it was "skeptical that this proposed buyer will complete its purchase" (*Id.*). Therefore, it does not appear that the Debtor will have the funds necessary to perform its obligations under the Amended Plan.

## CONCLUSION

The Amended Plan does not comply with the bankruptcy code and cannot be confirmed. For a Chapter 11 Subchapter V plan to be confirmed, it must meet the requirements for Chapter 11 plans in 11 U.S.C. §§ 1123 and 1129, as modified by the plan content and confirmation provisions of

Subchapter V in 11 U.S.C. §§ 1190-91. 11 U.S.C. §§ 1123, 1129, 1190-91. The Amended Plan cannot be confirmed as filed, because its contents do not meet the requirements of the bankruptcy code for a plan in Chapter 11 Subchapter V. In particular, the Amended Plan does not provide adequate means for its own implementation.

WHEREFORE, the United States Trustee respectfully requests that the Court deny approval of the Amended Plan, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

ILENE J. LASHINSKY
United States Trustee

/s/ *John W. Nemecek*
John W. Nemecek
Trial Attorney
Office of U. S. Trustee
301 N. Main Street, Suite 1150
Wichita, KS, 67202
(202) 557-5810
john.nemecek@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2025 in accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(2)(E), the foregoing was filed and served via the Court's CM/ECF system to those parties who are registered CM/ECF participants in this case.

*/s/ John W. Nemecek*
John W. Nemecek